AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/2022

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

FRANK BARBACCIA

Case No. 1:18-cr-673

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Barbaccia's motion, and the supporting documents submitted in connection with it. Dkt. No. 43. The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). However, the Court need not evaluate whether Mr. Barbaccia has demonstrated extraordinary and compelling reasons for his release because the sentencing factors under 18 U.S.C. § 3353(a) weigh against his early release. United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021). The Court has reviewed the sentencing submissions of the parties in connection with Mr. Barbaccia's sentencing, and after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Barbaccia's sentence is appropriate at this time. Mr. Barbaccia committed a very serious offense. Mr. Barbaccia's crime contributed to the death of Ms. McKenna. The Court sentenced Mr. Barbaccia to a guidelines sentence based on the crime for which the United States required that he accept responsibility, but the Court does not

ignore the very serious consequences of his crime. Moreover, Mr. Barbaccia has a significant prior criminal history—including his curious involvement in the death of Ms. McKenna's boyfriend, which the Court described as "at a minimum, morally reprehensible"—that led the Court to conclude that there was a substantial need for personal deterrence for Mr. Barbaccia. See Dkt. No. 41 at 55:16-57:5. Given the nature of his crime and his criminal history, the Court does not believe that a reduction in Mr. Barbaccia's sentence would result in a just punishment or serve the goals of personal deterrence. Mr. Barbaccia benefited from a generous plea deal from the United States. The Court sentenced him consistent with the crime to which the United States permitted him to plead guilty. The Court does not believe that it would be just for Mr. Barbaccia's sentence to be reduced given the terrible effects of his crime and the Court's assessment of a substantial need for personal deterrence.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to terminate the motion pending at Dkt. No. 43.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

May 23, 2022

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE